UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CARMEN AMBERT,

    **Plaintiff,**

  -against-

NEW YORK CITY HOUSING AUTHORITY,
TINO HERNANDEZ, In His Individual Capacity
And As Chairman Of the New York City Housing
Authority, and DOUGLAS APPLE, In His
Individual Capacity And As General Manager
Of the New York City Housing Authority,

    **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

    Civ. No. 08-3073 (RJH)

    DEFENDANTS' ANSWER TO
    THE COMPLAINT

  Defendants New York City Housing Authority ("NYCHA"), Tino Hernandez and Douglas Apple, by their attorney, Ricardo Elias Morales, General Counsel, New York City Housing Authority, Donna M. Murphy, Of Counsel, as and for their answer to the Complaint, respectfully allege as follows:

  1. Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiff purports to proceed under 42 U.S.C. §1983, N.Y. Executive Law §290 *et seq.* and the New York City Administrative Code, §8-101 *et seq.* and to make the claims described therein.

  2. Deny the allegations contained in paragraph 2 of the Complaint, except admit that plaintiff purports to seek costs and attorney's fees under 42 U.S.C. §1988 and Admin. Code §8-502.

  3. Deny the allegations contained in paragraphs 3 and 4 of the Complaint, except admit that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(3) and may exercise supplemental jurisdiction over plaintiff's claims under the New York Executive Law and the New York City Administrative Code pursuant to 28 U.S.C. §1367(a).

  4. Deny the allegations contained in paragraph 5 of the Complaint, except admit that venue is properly laid in this district.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admit that NYCHA's records reflect that plaintiff resides in Queens County, New York.

6. Deny the allegations contained in paragraph 7 of the Complaint, except admit that NYCHA is a public authority created under New York State law and that its main office is located at 250 Broadway, New York, New York 10007.

7. Deny the allegations contained in paragraph 8 of the Complaint, except admit that Tino Hernandez has been the Chairman of NYCHA since April 2, 2001.

8. Deny the allegations contained in paragraph 9 of the Complaint, except admit that Douglas Apple has been the General Manager of NYCHA since May 7, 2001.

9. Deny the allegations contained in paragraph 10 of the Complaint, except admit that plaintiff is female and is employed by NYCHA and that NYCHA's records reflect that plaintiff was born in 1946.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11, 12, 54 and 55 of the Complaint, except admit that Ruben Franco was Chairman of NYCHA in March 1998.

11. Deny the allegations contained in paragraphs 13, 14, 56 and 57 of the Complaint, except admit that Ruben Franco left NYCHA in January 1999.

12. Deny the allegations contained in paragraphs 15, 16, 17, 58, 59, and 60 of the Complaint, except admit that John Martinez was appointed Chairman of NYCHA in April 1999, that plaintiff and others worked on Self-Empowerment Workshops, and that the pilot program received a "Best Practices Award" from the U.S. Department of Housing and Urban Development.

13. Deny the allegations contained in paragraphs 18 and 61 of the Complaint, except admit that John Martinez resigned from NYCHA effective April 1, 2001.

14. Deny the allegations contained in paragraphs 19, 20, 43, 44, 62 and 63 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20 of the Complaint regarding plaintiff's beliefs, and admit that Tino Hernandez replaced Mr. Martinez as Chairman of NYCHA on April 2, 2001, that Douglas Apple was appointed General Manager on May 7, 2001, that plaintiff was first hired by NYCHA on March 11, 2002 when she was appointed to the position of Senior Advisor to the General Manager which reported to the General Manager, and that plaintiff continues to hold that position.

15. Deny the allegations contained in paragraphs 21-26, 45-49 and 64-69 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 22 of the Complaint regarding plaintiff's views and admit that plaintiff does not attend cabinet meetings and worked for a period of time near defendant Apple's office.

16. Deny the allegations contained in paragraphs 27 and 70 of the Complaint, except admit that plaintiff took leave of absence from her employment with NYCHA in 2005 and deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding what she did during that time period.

17. Deny the allegations contained in paragraphs 28-32, 39 and 40 of the Complaint, except admit that defendant Apple discussed a March 24, 2006 column in El Diario with plaintiff and that plaintiff moved to an office on the 11th Floor of NYCHA's central office at 250 Broadway and respectfully refer the Court to the March 24, 2006 column in El Diario for a full and complete description of its contents.

18. Deny the allegations contained in paragraph 33 of the Complaint.

19. In response to paragraph 34 of the Complaint, repeat and reallege their answers to the allegations contained in paragraphs 1 through 33 of the Complaint.

20. Deny the allegations contained in paragraphs 35-38 of the Complaint, except admit that

NYCHA is a public authority created under New York State law, Tino Hernandez has been the Chairman of NYCHA since April 2, 2001, and Douglas Apple has been the General Manager of NYCHA since May 7, 2001.

21. Deny the allegations contained in paragraph 41 of the Complaint.

22. Deny the allegations contained in paragraph 42 of the Complaint, except admit that plaintiff is female.

23. Deny the allegations contained in paragraph 50 of the Complaint.

24. In response to paragraph 51 of the Complaint, repeat and reallege their answers to the allegations contained in paragraphs 1 through 50 of the Complaint.

25. Deny the allegations contained in paragraphs 52 and 53 of the Complaint, except admit that plaintiff is female.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

The Complaint is barred in whole or in part by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

Defendants Tino Hernandez and Douglas Apple have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## AS AND FOR A FOURTH DEFENSE

Defendants Tino Hernandez and Douglas Apple acted in accordance with all applicable law.

**AS AND FOR A FIFTH DEFENSE**

Plaintiff fails to state a claim against defendant NYCHA under 42 U.S.C. § 1983 because the Housing Authority's stated policies, procedures, and practices are explicitly non-discriminatory. The Housing Authority's non-discriminatory policy is strictly enforced by defendant Housing Authority.

**AS AND FOR A SIXTH DEFENSE**

NYCHA satisfies the requirements of §8-107(13) of the Administrative Code in that it established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices.

**AS AND FOR A SEVENTH DEFENSE**

Plaintiff has failed to make adequate efforts to mitigate her alleged damages.

**WHEREFORE**, defendants New York City Housing Authority, Tino Hernandez and Douglas Apple demand judgment against plaintiff dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 10, 2008

                                RICARDO ELIAS MORALES
                                General Counsel
                                New York City Housing Authority
                                Attorney for Defendants
                                250 Broadway, 9th Floor
                                New York, New York 10007
                                Tel. No.: (212) 776-5244
                                Fax. No.: (212) 776-5401

                        By:     _____/s/_____
                                Donna M. Murphy (DM-6487)


TO:   Lee Nuwesra, Esq.
      Attorney for Plaintiff
      1623 Unionport Road, Suite 101
      Bronx, New York 10462