USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMEN AMBERT,

       Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY, TINO HERNANDEZ, In His Individual Capacity And As Chairman Of the New York City Housing Authority, and DOUGLAS APPLE, In His Individual Capacity And As General Manager Of the New York City Housing Authority,

       Defendants.

Civ. No. 08-3073 (RJH)

**PROPOSED SCHEDULING ORDER**

Pursuant to Fed.R.Civ.P. 16(b) it is ordered:

**1. Description of the Case**

**a. Attorneys of Record**

Lee Sam Nuwesra, Esq. (LN 5851)
Attorney for Plaintiff
1623 Unionport Road, Suite 101
Bronx, New York 10462
Tel 212-682-0655
Fax 212-682-0654
lnuwesra@optonline.net

John A. Snyder II, Esq. (JS 4786)
Matthew A. Steinberg, Esq. (MS 3979)
Jason A. Zoldessy, Esq. (JZ 6522)
Jackson Lewis LLP
Attorneys for Defendants
59 Maiden Lane, 39th Floor
New York, NY 10038
Tel 212-545-4000
Fax 212-972-3213
snyderj@jacksonlewis.com
steinbem@jacksonlewis.com
zoldessj@jacksonlewis.com

**b. The basis for federal jurisdiction**

  Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331 and 1343(3), and the First and Fourteenth Amendments to the United State Constitution. The Court

1

also has supplemental jurisdiction over Plaintiff's claims under the New York Executive Law and the New York City Administrative Code pursuant to 28 U.S.C. §1367.

c. **Briefly describe the claims asserted in the complaint and any counterclaims**

This action is an employment discrimination case filed by Plaintiff against her current employer, Defendant New York City Housing Authority ("NYCHA"). Plaintiff also names as Individual Defendants the Chairman of the NYCHA, Tino Hernandez, and the General Manager of the NYCHA, Douglas Apple. Plaintiff alleges claims under 42 U.S.C. section 1983 for alleged violations of her rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and discrimination and retaliation claims under the New York City Administrative Code and the New York State Human Rights Law.

No counterclaims have been asserted to date.

d. **Major legal and factual issues in the case**

Plaintiff is a current employee of the NYCHA. Plaintiff alleges that when she reported to the Chairman of the NYCHA, Defendant Tino Hernandez, she was assigned personal tasks unrelated to the business of the NYCHA and when she complained, her grievances were ignored. Plaintiff further alleges she witnessed inappropriate conduct constituting a hostile work environment as against women and older women in particular. Plaintiff alleges that Defendants Tino Hernandez and Douglas Apple (the NYCHA's General Manager) were among the executives engaging in such conduct. Plaintiff alleges that Defendants Hernandez and Apple were acting under the color of state law. Moreover, Plaintiff alleges that when she complained about the conduct she was retaliated against by being denied salary increases and promotions and

threatened with termination. Plaintiff also alleges she was retaliated against for exercising her First Amendment right to speak out on issues of public concern.

Defendants deny any violations of law. Specifically, Defendants contend that the NYCHA's policies, procedures and practices are non-discriminatory and non-retaliatory, and that all actions as against Plaintiff were taken for legitimate non-discriminatory and non-retaliatory business reasons. In fact, Plaintiff has not suffered any adverse employment action. Further, Defendants contend that Defendants Tino Hernandez and Douglas Apple are protected by qualified immunity. Finally, Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

e.  **Relief Sought**

Plaintiff seeks a declaratory judgment that Defendants violated Plaintiff's First and Fourteenth Amendment rights and discriminated against Plaintiff in violation of the New York Executive Law and the New York City Administrative Code. Plaintiff further seeks compensatory damages for alleged pain and suffering, the reimbursement of expenses, attorneys' fees and punitive damages.

2.  **Proposed Case Management Plan**

a.  Identify all pending motions

There are no pending motions.

b.  Proposed cutoff date for joinder of additional parties     August 29, 2008

c.  Proposed cutoff date for amendment to pleadings     August 29, 2008

d.  Proposed schedule for completion of discovery

    (i)   Date for Rule 26 (a)(1) disclosures     August 20, 2008

        (ii)    Fact discovery completion dates        January 16, 2009

        (iii)   Date for Rule 26 (a) (2) disclosures (designation of experts) January 16, 2009

        (iv)   Expert discovery completion date, including dates for submission of expert reports:

    (a) The parties shall provide expert reports with respect to issues on which they have the burden of proof by    February 20, 2009

    (b) The parties shall provide rebuttal expert reports by March 20, 2009

    (c) Expert discovery will be completed by    April 20, 2009

e.    Proposed date for filing dispositive motions    May 29, 2009

f.    Proposed date for filing a final pretrial order    June 19, 2009

g.    Proposed trial schedule.

        i. A jury trial is requested;
        ii. The probable length of trial is one week; and
        iii. The case will be ready for trial on July 10, 2009

3.    **Consent to Proceed Before a Magistrate Judge**

Parties do not unanimously consent to proceed before a Magistrate Judge.

4.    **Status of Settlement Discussions**

    a. Plaintiff has made a demand. A counteroffer was made by Defendants.
    b. To date, no resolution has been reached.
    c. Plaintiff has requested a willingness for the parties to participate in a settlement conference. While Defendants do not oppose this request, Defendants believe that clarification of Plaintiff's allegations and the provision of documents relating to the allegations in Plaintiff's Complaint are necessary before any such conference.

Dated: July 16, 2008
New York, New York

5. A status conference will be held on January 23, 2009 at 10:00.

SO ORDERED:

_Richard J. Holwell_
Richard J. Holwell
United States District Judge

4